E-FILED
Thursday, 29 May, 2008  05:00:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NELSON ERIC WHITING, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1006 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Nelson Whiting's ("Whiting"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the Government's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#5] is GRANTED, and Whiting's § 2255 Motion [#1] is DENIED.

### BACKGROUND

On May 24, 2006, Whiting entered a guilty plea pursuant to a written plea agreement to charges of conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 in the United States District Court for the Central District of Illinois. On January 18, 2007, he was sentenced to a term of 120 months' imprisonment, followed by a term of supervised release.

Although he waived his right to appeal and pursue collateral relief pursuant to § 2255 in ¶¶ 11 and 12 of the written plea agreement, Whiting has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Whiting attempts to collaterally attack his conviction based on allegations of ineffective assistance of counsel. Specifically, he argues that counsel failed to investigate the facts of his case, never interviewed potential witnesses, and never consulted with him regarding the evidence that would be used against him. Whiting further alleges that he did not want

to plead guilty and would not have done so but for his counsel's advice and that his counsel told him that he could later claim ineffective assistance of counsel. This Order follows.

## Discussion

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S. Ct. 205 (1995).

Here, Whiting would appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. He requests that the judgment be vacated and that he be allowed to withdraw his guilty plea. However, so long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. Id., *citing* United States v. Wagner, 103 F.3d 551 (7th Cir. 1996); Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999); United States v. Nelson, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

Whiting cites Bridgemann v. United States, 229 F.3d 589, 591 (7th Cir. 2000), arguing that his waiver is not applicable where it was involuntary. The Seventh Circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives only "with respect to those discrete claims which relate directly to the negotiation of the waiver."

Jones, 167 F.3d at 1144-45; Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Accordingly, the Court will address his claim to the extent necessary to determine whether the negotiation of the various waiver provisions is implicated.

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

To satisfy Strickland's prejudice prong in this case, Petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial. United States v. Woolley, 123 F.3d 627, 635 (7th Cir. 1997). "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" United States v. Ryan, 986 F.Supp. 509, 513 (N.D.Ill. 1997), *citing* Key, 806 F.2d at 139; *see also* McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Here, Whiting argues that his counsel did not review or explain the provisions of the plea agreement to him and simply told him to sign it. He states that he did not know that

by signing the plea agreement, he was waiving his right to file a § 2255 motion. He asserts that "if my lawyer had been on my side, learned all of the facts, explored my innocence, properly consulted with me, I would not have entered a guilty plea. I would have insisted on going to trial."

Paragraph 10 of Whiting's Plea Agreement states:

> The defendant is award that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

Paragraph 11 then further provides:

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically

>acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.  Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence.  The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Whiting's attorney signed the Plea Agreement following a paragraph certifying that she had discussed the agreement fully with her client and that she was satisfied that Whiting fully understood its contents and terms.  (Plea Agreement at ¶ 28)  Whiting then signed the Plea Agreement after a paragraph certifying that he had read the entire agreement carefully and had discussed it fully with his attorney.  (Plea Agreement at ¶ 29)  He further affirmed that he fully understood the agreement and was agreeing to it voluntarily and of his own free will.  Id.

A review of the transcript of the plea hearing reveals that, after a detailed discussion of the maximum sentence he could face depending on the nature of any past criminal conduct, Whiting received a lengthy explanation of the waiver provision and its consequences during the plea colloquy.  As set forth below, this explanation was more than sufficient to remedy any misinformation (or lack of information) that may have been provided by his counsel with respect to the waiver provisions, and hence, he has failed to demonstrate actual prejudice under Strickland.  This same dialogue also demonstrates the knowing and voluntary nature of Whiting's waiver and guilty plea, as well as his competency.

When the Court accepted Whiting's guilty plea, it held a lengthy change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." Key v. United States, 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 also provides for a colloquy that "exposes the defendant's state of mind in the record through personal interrogation." Id., *citing* United States v. Fountain, 777 F.2d 351, 356 (7th Cir. 1985). This aspect of the Rule 11 hearing is especially important with respect to subsequent collateral proceedings, because the representations made by the defendant during a plea colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. Id., *citing* Thompson v. Wainwright, 787 F.2d 1447 (11th Cir. 1986); Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 (1977). Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge, 97 S.Ct. at 1629.

After a careful review of the transcript of Petitioner's Rule 11 hearing, the Court finds that he has failed to overcome the strong presumption of verity which attached to the statements of voluntariness and understanding that he made during that hearing. The pertinent portion of the record reveals the following colloquy between Whiting and the Court after he was placed under oath:

Q: [D]o you understand that your answers to my questions are subject to the penalties of perjury or of giving a false statement if you don't answer truthfully?

A: Yes.

- 6 -

* * *

Q: How far did you go in school?

A: High school and I have some college.

Q: Have you been treated recently for any mental illness or addiction to narcotic drugs?

A: No.

Q: Are any of you currently under the influence of any drugs, medication, or alcoholic beverage?

A: No.

Q: Have you received a copy of the indictment against you, that is the written charges?

A: I saw it, yes.

Q: Have you fully discussed those charges and the case in general, including any possible defenses that you might have, with your attorney?

A: Yes.

Q: Are you fully satisfied with the counsel, representation and advice given to you in this case by her?

A: Yes, I am.

Q: As I understand it, your willingness to plead guilty is due, at least in part, to the discussions that you and she have had with the attorney for the Government leading up to the execution of this written plea agreement; is that correct?

A:    Yes, sir.

Q:    Did you have a reasonable opportunity to read and discuss the plea agreement with your attorney before you signed it?

A:    Yes, I did.

Q:    Does the plea agreement represent in its entirety every understanding that you have with the Government?

A:    I believe so.

Q:    Do you understand the terms of the agreement?

A:    Yes.

* * *

Q:    On page 5, you're waiving your right to notice of prior drug conviction, but apparently there is none anyway.

Next paragraph is a waiver of right of appeal from conviction and sentence. What you're waiving in that paragraph is the following: In the absence of this paragraph, after you were sentenced, if you weren't happy with it, you could file an appeal with the Court of Appeals in Chicago and you could claim that there was something unlawful or unconstitutional about the process that was used here or the sentence itself. That could even include a claim that your attorney had not effectively represented you. In this paragraph you're giving up the right to do that, to file such an appeal, with two very narrow exceptions. Number one: if the Court were to impose a

> sentence that was beyond the statutory maximum that I have described to you, you could appeal that. The other thing is you could appeal and claim that your attorney did not effectively represent you in the negotiation of this plea agreement. But in all other respects, you're giving up the right to file an appeal, a direct appeal. Do you understand that?

A: Yes, sir.

Q: Any questions at all about that?

A: No.

Q: The next paragraph on page 6 is a different waiver. That's a waiver of your right to collaterally attack the sentence. That's something that also is post-conviction, post-sentence. That's something done in this court. Again, a person could come in and claim there was something unlawful or unconstitutional about the process or the sentence itself. Again, that could even include a claim that your attorney had not effectively represented you. In this paragraph you're giving up the right to do that. Do you understand?

A: Yes.

\* \* \*

Q: Are those the terms of your agreement with the United States as you understand them?

A: Yes, sir.

- 9 -

Q: Has anyone made any other or different promise or assurance of any kind to you in an effort to induce you to plead guilty?

A: No.

Q: Has anyone attempted in any way to force you to plead guilty?

A: No.

Q: Are you pleading guilty of your own free will because you are guilty?

A: Yes, sir.

* * *

Q: In this plea agreement you're giving up almost all – not all, but almost all of your right to appeal this case, but do you understand that under those narrow circumstances I mentioned you would have the right to pursue an appeal?

A: Yes.

* * *

Q: But do you understand that by entering into this plea agreement and entering a plea of guilty, you will have waived or given up almost all of your right to appeal or collaterally attack the sentence?

A: Yes, sir.

(Change of Plea Transcript at 3 - 13.)

The Court finds that nothing in the record even remotely suggests that Whiting did not knowingly and voluntarily enter the plea agreement, including the waiver provisions contained therein. To the contrary, it clearly indicates that he expressly waived his rights to appeal and pursue collateral relief on more than one occasion after extensive questioning and explanation by the Court. Thus, the record also demonstrates that the

Court provided him with a lengthy and detailed explanation of the waiver provisions that was more than adequate to supplement or correct any lack of information or misinformation that may have been provided by counsel. After receiving this explanation, Whiting proceeded to state on more than one occasion that he was acting voluntarily and understood everything as it had been explained to him by the Court.

Therefore, the record before the Court unequivocally demonstrates that Whiting acted knowingly and freely in entering into the plea agreement, including the waiver provisions. Had he truly not wished to plead guilty, not understood the proceedings in which he participated, or been caught unaware by the waiver provisions, it would seem only reasonable that he would have made some attempt to correct the factual record or bring his plight to the attention of the Court.

Whiting has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence. Accordingly, the Court now holds that Whiting's waiver of his right to pursue collateral relief was both knowing and voluntary and operates to him from pursuing further habeas corpus relief, and this § 2255 Motion is therefore frivolous. *See* Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005).

## CONCLUSION

For the reasons set forth herein, the Court cannot find that there has been any credible showing that but for the alleged unprofessional errors of counsel, there is any reasonable probability that the result of this proceeding would have been different, as the

record clearly demonstrates that Whiting knowingly, intelligently, and voluntarily waived his right to bring both an appeal and collateral attack on his conviction and sentence. Accordingly, the Government's Motion to Dismiss [#5] is GRANTED, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED.  This matter is now terminated.

ENTERED this 29th day of May, 2008.


    s/ Michael M. Mihm
    Michael M. Mihm
    United States District Judge